FILED'09 JUN 08 12:02USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 07-146-06-KI |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| RANDALL NEAL WYNN, ) | |
| ) | |
| Defendant. ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Hannah Horsley
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Plaintiff

Randall Wynn
Federal Correctional Institution
P. O. Box 6000
Florence, Colorado  81226-6000

    Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Randall Neal Wynn pleaded guilty to an Information charging one count of bribery of a public official, in violation of 18 U.S.C. § 201(b)(1), and was sentenced to thirteen months imprisonment. Before the court is Wynn's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#256) and related motions.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998).

## DISCUSSION

Wynn asks the court to vacate his judgment of conviction and sentence and dismiss the Indictment with prejudice. Wynn argues that he is actually innocent of the charge because a bribery conviction requires a specific agreement between himself and the public official. Moreover, Wynn contends that tobacco was not prohibited in the institution at the time.

Page 2 - OPINION AND ORDER

As part of his plea agreement, Wynn waived the "right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." Govt's Resp. to Def.'s Mot. for Relief Ex. 1. at 10.

A defendant may waive a statutory right to appeal his sentence or to collaterally attack a conviction through a § 2255 motion, but an express waiver is only valid if knowingly and voluntarily made. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 520 U.S. 1132 (1997); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1992).

Wynn argues that his waiver of rights was not knowingly and voluntarily made because neither he, counsel, nor the court understood the elements of the crime, specifically, that there must be a specific agreement between himself and the public official. The statute under which Wynn was convicted applies to "[w]hoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . ." 18 U.S.C. § 201(b)(1). In Wynn's situation, the corrupt gift was made indirectly to the prison official through a third party. Wynn's interpretation of the statute is not correct. Thus, there is no merit to his argument that his waiver of rights was not knowingly and voluntarily made.

///

///

///

Page 3 - OPINION AND ORDER

## CONCLUSION

None of the claims require an evidentiary hearing to resolve. Wynn's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#256), Motion Requesting Production of Grand Jury Transcripts Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) (#260), and Motion Requesting Order of Discovery Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) (#261) are denied.

IT IS SO ORDERED.

Dated this _____8/h_____ day of June, 2009.

_____
Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER